**IN THE COURT OF APPEALS OF IOWA**

No. 19-1201
Filed October 9, 2019

**IN THE INTEREST OF E.B.,**
**Minor Child,**

**K.K. n/k/a K.B., Mother,**
    Appellant.

_____

    Appeal from the Iowa District Court for Appanoose County, William S. Owens, Associate Juvenile Judge.

    A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

    Jonathan Willier, Centerville, for appellant mother.

    Thomas J. Miller, Attorney General, and Anna T. Stoeffler (until withdrawal) and Mary A. Triick, Assistant Attorneys General, for appellee State.

    Julie De Vries of De Vries Law Office, PLC, Centerville, guardian ad litem for minor child.

    Considered by Potterfield, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.      Background Facts & Proceedings

K.K. is the mother and J.B. is the father of E.B., born in 2018. The family came to the attention of the Iowa Department of Human Services (DHS) on May 13, 2018, when the parents were discovered to have a large amount of methamphetamine in their vehicle. The child was in the vehicle at the time. The parents were arrested.[1] The mother tested positive for methamphetamine, and the father admitted to drug use. The child was placed in the care of a maternal aunt.

The juvenile court adjudicated the child to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(2)(c) and (n) (2018). The mother was inconsistent in her participation in services and also in her attendance in an outpatient substance-abuse treatment program. The mother relapsed and used methamphetamine in February 2019. She did not participate in recommended individual therapy for mental-health concerns. Additionally, the mother was not consistent in visiting the child; she had no visits for about four months, from November 2018 until March 2019.

---

[1] The mother was convicted of possession of methamphetamine with intent to deliver. She was placed on probation.

On April 12, 2019, the State filed a petition for termination of parental rights. Although there were concerns about domestic abuse in the parents' relationship, the mother married the father on May 1. The mother testified she and the father were not living together. Because the father had little participation in services and did not receive treatment for substance abuse, he was not approved to have contact with the child. The mother completed a substance-abuse treatment program shortly before the termination hearing, held on May 16. She testified she planned to start attending individual therapy in the near future.

The juvenile court terminated the mother's parental rights under section 232.116(1)(e) and (h) (2019).[2] The court found the mother had not maintained significant and meaningful contact with the child and she was "no closer to having [the child] returned to her today than she was when the child was removed." The court determined the mother should not be granted additional time, termination was in the child's best interests, and none of the exceptions in section 232.116(3) should be applied. The mother appeals.

## II. Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

---

[2] The father's parental rights were also terminated. He has not appealed.

### III. Sufficiency of the Evidence

The mother claims there is not clear and convincing evidence in the record to support the termination of her parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). We will consider the termination of the mother's parental rights under section 232.116(1)(h).

The mother disputes the finding the child could not be returned to her care. *See* Iowa Code § 232.116(1)(h)(4). We determine there is clear and convincing evidence in the record to show the child could not be safely returned to the mother's care at the time of the termination hearing. *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (noting evidence of whether a child could be returned to a parent "at the time of the termination hearing"). The juvenile court noted the mother "recently relapsed on methamphetamine, has not done mental health therapy, and went more than four months without engaging in a visit with [the child]." We agree with the court's finding the mother had not made sufficient progress for the child to be safely returned to her care.

We conclude the juvenile court properly determined the mother's parental rights should be terminated under section 232.116(1)(h). We also find termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

**AFFIRMED.**